IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| DANESHIA SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No._____ |
| | ) |
| MICHAEL JOSEPH GRUBER, and | ) |
| OLD DOMINON FREIGHT LINE, INC. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

1. Plaintiff Daneshia Smith is a citizen and resident of Davidson County, Tennessee.

2. Defendant Michael Joseph Gruber is a resident of Buford, Georgia. He may be served via the Tennessee Secretary of State at 3536 Hill Pond Drive, Buford, GA 30519. Defendant Gruber is subject to service of process through the Secretary of State pursuant to Tenn. Code Ann. § 20-2-203.

3. Defendant Old Dominion Freight Line, Inc., is a Virginia for-profit corporation licensed to do business in the State of Tennessee. It may be served through its registered agent: C T Corporation System, 300 Montvue Road, Knoxville, TN 37919.

4. This action arises out of a tractor-trailer wreck that occurred in Davidson County, Tennessee on September 15, 2021.

5. This Court has subject matter jurisdiction over this dispute pursuant to Tenn. Code Ann. § 16-10-101.

6. Venue is proper in this Court pursuant to Tenn. Code Ann. § 20-4-101.

7. This Court has personal jurisdiction over the defendants.

8. On September 15, 2021, plaintiff Daneshia Smith was driving a 2017 Kia Forte eastbound on Interstate 40 in Nashville, Davidson County, Tennessee.

9. At the same time, defendant Michael Gruber was driving a 2019 Freightliner Cascadia tractor-trailer eastbound on Interstate 40.

10. Smith and Gruber were both driving eastbound on Interstate 40 when suddenly and without warning, defendant Gruber abruptly changed lanes and drove into Ms. Smith's lane of travel, causing a collision between the Freightliner tractor-trailer and Ms. Smith's Kia.

11. The impact of the collision caused property damage to Ms. Smith's Kia.

12. Ms. Smith was injured in the wreck.

13. The proximate cause of the wreck and Ms. Smith's injuries was the negligence of defendant Michael Gruber.

14. Defendant Michael Gruber failed to keep a proper lookout and failed to pay proper attention to the vehicles and traffic conditions around him on the roadway.

15. Defendant Michael Gruber failed to keep his vehicle under control.

16. Defendant Michael Gruber operated his vehicle with careless disregard for the safety of others.

EFILED 02/22/22 08:45 AM CASE NO. 22C334 Richard R. Rooker, Clerk

17. The actions of defendant Michael Gruber constitute negligence *per se* in that he violated Tenn. Code Ann. § 55-8-136 and The Code of the Metropolitan Government of Nashville and Davidson County, Tennessee Section 12.68.170 by failing to exercise due care, failing to keep his vehicle under control, and failing to devote full time and attention to the operation of his motor vehicle under the existing circumstances to avoid endangering life, limb, or property.

18. The actions of defendant Michael Gruber constitute negligence *per se* in that he violated Tenn. Code Ann. § 55-8-132 and The Code of the Metropolitan Government of Nashville and Davidson County, Tennessee Section 12.16.110 by failing to maintain his lane of travel and by failing to ascertain that a lane change could be made safely.

19. The actions of defendant Michael Gruber constitute negligence *per se* in that he violated Tenn. Code Ann. § 55-10-205 by operating his vehicle in a reckless manner with willful and wanton disregard for the physical safety of other motorists.

20. Upon information and belief, defendant Gruber was operating the 2019 tractor-trailer for the use and benefit of defendant Old Dominion Freight, Inc., at the time of the wreck.

EFILED 02/22/22 08:45 AM CASE NO. 22C334 Richard R. Rooker, Clerk

21. Upon information and belief, defendant Gruber was operating the 2019 tractor-trailer within the course and scope of his employment with defendant Old Dominion Freight, Inc., at the time of the wreck.

22. Upon information and belief, Defendant Gruber was operating the 2019 tractor-trailer with permission from defendant Old Dominion Freight, Inc., and/or as an agent of Old Dominion Freight, Inc., at the time of the wreck.

23. Defendant Old Dominion Freight, Inc., owned the 2019 Freightliner at the time of the wreck.

24. Defendant Old Dominion Freight, Inc., maintained the 2019 Freightliner for use by its employees and/or contractors, including defendant Michael Gruber.

25. Defendant Old Dominion Freight, Inc., is liable to plaintiff for the negligence of defendant Michael Gruber.

26. Defendant Old Dominion Freight, Inc., is vicariously liable for the negligence of defendant Michael Gruber by virtue of Tenn. Code Ann. § 55-10-311 and Tenn. Code Ann. § 55-10-312.

27. Alternatively, Old Dominion Freight, Inc., is liable to plaintiff under the doctrines of Respondeat Superior, agency, and/or negligent entrustment.

28. Ms. Smith was not negligent.

29. As a direct and proximate result of defendants' negligence, Ms. Smith

suffered bodily injury.

30. As a direct and proximate result of defendants' negligence, Ms. Smith's vehicle was damaged.

31. As a direct and proximate result of defendants' negligence, Ms. Smith has incurred medical bills and charges for the evaluation and treatment of her injuries.

32. As a direct and proximate result of defendants' negligence, Ms. Smith also suffered other damages, including pain and suffering and loss of enjoyment of life.

PREMISES CONSIDERED, plaintiff respectfully prays that:

1. The defendants be served with process and required to answer the allegations contained in this Complaint within the time prescribed by law;

2. The plaintiff be awarded and ordered a judgment of compensatory economic damages in the amount of $34,945.67 for past medical expenses;

3. The plaintiff be awarded and ordered a judgment of compensatory economic damages in the amount of $6,019.51 for property damage to her 2017 Kia Forte;

4. The plaintiff be awarded and ordered a judgment of compensatory non-economic damages in an amount to be determined at trial, but not to exceed the caps set forth at Tenn. Code Ann. § 29-39-102, for pain and suffering and loss of enjoyment of life;

5. The plaintiff be awarded all discretionary and court costs expended herein;

and

    6.    For such other, further, or general relief as the Court may deem appropriate.

    _____
Patrick D. Witherington, #22348
Witherington Law, PLLC
300 James Robertson Parkway
Suite 200
Nashville, TN 37201
(615) 679-4256
patrick@wlawfirm.com
*Attorney for plaintiff Daneshia Smith*